IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION               MDL No. 2327

---

THIS DOCUMENT RELATES TO THE FOLLOWING CASE:

*Durham, et al. v. Johnson & Johnson, et al.*                No. 2:12-cv-760

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment Based on Statute of Limitations)

Pending before the court is the Motion for Summary Judgment [ECF No. 66] filed by Ethicon Inc. and Johnson & Johnson (collectively "Ethicon"). According to Ethicon, the plaintiffs' case is clearly barred by the applicable statute of limitations. The court believes this is a question best left to the jury, and the Motion is **DENIED**.

I.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are more than 75,000 cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327. In an effort to efficiently and effectively manage this massive MDL, I decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is ready for trial (i.e., after the court has ruled

on all *Daubert* motions, summary judgment motions, and motions in limine, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, I ordered the parties to submit a joint list of the 200 oldest cases in the MDL, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. The parties selected Ms. Durham's case for inclusion in Ethicon's Wave 1.

On June 22, 2007, Ms. Durham was implanted with Ethicon's TVT-Obturator by Dr. Christopher Payne and with Ethicon's Gynecare Prolift by Dr. Stephen Brown. Ms. Durham alleges she was injured by these mesh products. She now brings the following claims against Ethicon: negligence; strict liability for manufacturing defect, failure to warn, defective product, and design defect; common law and constructive fraud; fraudulent concealment; negligent misrepresentation; negligent infliction of emotional distress; breaches of express and implied warranties; violation of consumer protection laws; gross negligence; unjust enrichment; punitive damages; and discovery rule and tolling. Additionally, Mr. Durham brings a claim for loss of consortium.

Ethicon argues that all of these claims are barred by Texas's statute of limitations. Consequently, Ethicon asserts, the court should grant summary judgment in favor of Ethicon.

## II.

The court is authorized to rule on pretrial motions in MDL cases. 28 U.S.C. § 1407. The choice of law for these pretrial motions depends on whether they concern

federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir.1996) (citations omitted). To determine the applicable state law for a dispositive motion based on the statute of limitations, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

But in cases filed directly into an MDL—like this case—I consult the choice-of-law rules of the state where the product was implanted. *E.g.*, *Sanchez v. Bos. Sci. Corp.*, 2:12-cv-5762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). The products in this case were implanted in Texarkana, Texas. So I will apply the choice-of-law rules of Texas.

In tort actions, Texas uses the "most significant relationship" test to determine choice-of-law issues. *Hughes Woods Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000) (quoting Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971)). In short, under this test, a court determines—and consequently applies the law of— the state with "the most significant relationship to the occurrence and the parties." Restatement (Second) of Conflict of Laws § 145.

Although Ms. Durham resides in Arkansas, the product at issue was purchased

3

in Texas, the product was implanted in Texas, and the majority of the medical care related to the product occurred in Texas. Accordingly, I **FIND** Texas has the most significant relationship to the occurrence and the parties, and I **FIND** Texas's substantive law—including its statutes of limitations—applies to this case. *Cf. Hooper v. Marriott Int'l, Inc.*, 979 F. Supp. 2d 735, 741 (N.D. Tex. 2013) (noting that one's place of residence "receives less weight than the place of injury in the choice-of-law analysis").

## III.

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to

establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude summary judgment. *See, e.g.*, *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

## IV.

To start, the plaintiffs' warranty claims (i.e., breaches of express and implied warranties) are barred by the applicable statute of limitations. Section 2.725 of the Texas Business and Commerce Code applies to actions for breaches of express and implied warranties and requires that warranty claims must be filed within four years after the date of delivery. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 815 (S.D. Tex. 2013). This period begins to run "regardless of whether the plaintiff lack[s] knowledge of the breach." *Id.* The mesh products in this case were delivered to Ms. Durham when they were implanted on June 27, 2007. As a result, the statute of limitations for her warranty claims expired by June 2011. Because the plaintiffs did not file their Complaint [ECF No. 1] until March 2012, their breach of warranty claims are barred by the statute of limitations. Accordingly, Ethicon's Motion is **GRANTED** as to the plaintiffs' claims for breaches of express and implied warranties, and these claims are **DISMISSED.**

## V.

The remainder of the plaintiffs' claims—all of which are personal injury

claims—fall with the scope of section 16.003 of the Texas Civil Practices and Remedies Code. These claims are not barred by the applicable statute of limitations.

Section 16.003(a) mandates that all personal injury actions must be filed within two years after the alleged wrongful act causing the injury at issue occurred. *See Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). This period may be tolled by the discovery rule, which tolls accrual "until a plaintiff knows or, through the exercise of reasonable care and diligence, 'should have known of the wrongful act and resulting injury.'" *Id.* at 37 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

The plaintiffs filed their Complaint on March 19, 2012. According to Ethicon, the plaintiffs' cause of action began to accrue in December 2007, when Ms. Durham began to experience complications and "understood that the erosion was an unwanted complication of the June 2007 surgery." Mem. Supp. Mot. Summ. J. 14 [ECF No. 67]. Ethicon also argues that Ms. Durham was aware that her mesh products may have caused her alleged injuries no later than July 18, 2008—the date of Ms. Durham's surgery during which eroded mesh was removed—when "doctors informed [her] multiple times that the mesh had eroded and that the erosion was a potential complication of the June 2007 surgery." *Id.* Further, Ethicon claims Ms. Durham "believed the mesh caused pain and discomfort during sexual intercourse on multiple occasions in 2008." Reply 8 [ECF No. 74].

But the court does not view the facts as characterized and interpreted by Ethicon. The court must view the facts in the light most favorable to the plaintiffs.

6

And when viewed in this light, the facts do not compel the outcome suggested by Ethicon.

The statute of limitations clock did not start running in December 2007 after Ms. Durham began to experience complications. Nor can I conclude that the statute of limitations clock started to run when Ms. Durham underwent surgery on July 18, 2008. Even if Ms. Durham was experiencing complications and knew erosion was a potential complication at these times, neither she nor her doctor knew the erosion necessarily resulted from the mesh products. In fact, based on Dr. Brown's deposition testimony as viewed in the light most favorable to the plaintiffs, it is not clear that Dr. Brown even attributed Ms. Durham's complications to the mesh products. Thus, a reasonable juror could find that Ms. Durham did not know nor should have known of the wrongful act and resulting injury at this time.

Also from Ethicon's perspective, in 2008, Ms. Durham knew or should have known the cause of her injuries when she believed the mesh products caused pain and discomfort during intercourse. But under Texas law, "a diligent plaintiff's mere suspicion or subjective belief that a causal connection exists between [the wrongful act] and [the] symptoms is, standing alone, insufficient to establish accrual as a matter of law." *Childs*, 974 S.W.2d at 43. So this does not set the statute of limitations clock in motion, and a reasonable juror could find that Ms. Durham did not know nor should have known of the wrongful act and resulting injury even after the July 2008 surgery.

Accordingly, Ethicon's Motion is **DENIED** as to the plaintiffs' non-warranty

claims.

V.

Ethicon's Motion for Summary Judgment [ECF No. 66] is **GRANTED in part** and **DENIED in part**.

To the extent the Motion seeks dismissal of the plaintiffs' warranty claims, it is **GRANTED**. Clearly, the applicable statute of limitations bars their pursuit of these claims. The statute of limitations clock began running—and was not tolled in any way—more than four years before the plaintiffs filed their suit.

To the extent the Motion seeks dismissal of the plaintiffs' non-warranty claims, it is **DENIED**. At this stage, there are genuine disputes of material fact as to whether Ms. Durham knew or should have known of the alleged wrongful act and resulting injury on or before July 18, 2008—the latest date Ethicon offers. This is a question best left to the jury. *See Childs*, 974 S.W.2d at 44 ("Inquiries involving the discovery rule usually entail questions for the trier of fact."). So the statute of limitations issue—insofar as it relates to the plaintiffs' non-warranty claims—cannot appropriately be resolved on a motion for summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 31, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8